## 10439

### THE STATE v. CROMER.

#### (103 S. E. 544.)

1. CRIMINAL LAW—CHARGE IN PROSECUTION FOR OBSTRUCTION OF HIGHWAY ERRONEOUS, AS INVADING PROVINCE OF JURY.—In a prosecution for obstruction of highway, a charge that it was undisputed that it was a public highway was erroneous, as invading the province of the jury; defendant's contention not being that there was no highway at the point, but that the highway obstructed was improperly located on his land.

2. HIGHWAYS—A HEAVY FINE AND IMPRISONMENT FOR OBSTRUCTING A HIGHWAY HELD ERRONEOUS.—In a prosecution for obstruction of a highway, the imposition of a heavy fine as well as imprisonment *held*, under the circumstances, improper, though the punishment rests in the discretion of the trial Court; it appearing that defendant, a man of over 50, was merely asserting his rights as he saw them, and there being nothing to indicate he was a bad or vicious man.

Before MEMMINGER, J., Greenwood, October term, 1919. Reversed.

Indictment of T. T. Cromer for obstructing a highway. Upon conviction, defendant apppeals.

*Mr. C. W. Creighton,* for appellant, cites:. *Question of user was for jury and Judge should have charged law applicable to the case:* 109 S. C. 245. *And his charge discredited defense:* 73 S. C. 379; 5 S. C. 67. *Side drains not part of highway:* 1 Civ. Code 1912, sec. 1933; Crim. Code, sec. 628. *Variance in indictment and proof fatal:* 5 S. C. 65; 3 S. C. 230; 5 S. C. 378. *Sentence and fine excessive and unusual:* 104 S. C. 325.

*Mr. H. S. Blackwell, Solicitor.* Oral argument.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was tried and convicted at the October term of Court, 1919, for Greenwood county, before Judge

Memminger and a jury, for obstructing a public highway, and sentenced to confinement at hard labor in the penitentiary, or upon the public works of Greenwood county, for a period of three months, and pay a fine of $300.    After sentence appellant appeals, and by eight exceptions alleges error and seeks reversal.

Exception 2 is: "Because the presiding Judge erred in charging the jury: 'Now the first question in the case is this: Was that a public highway?   And I think it is undisputed here that it was a highway; that it was a road leading from one place in the county to another public place in the county, and was used by the public generally'—the error being that said charge was a charge on the facts, settled the question in issue against the defendant, and eliminated all consideration by the jury of the defense of appellant."

This exception must be sustained.   It was a question for the jury to determine whether the highway, as located, was the highway.   There was no dispute as to whether there was a highway, but the contention was that the highway as located now, and used, did not go over land deeded and accepted as such by proper parties as a highway, but was partly on land of appellant, and the so-called obstruction was not on the highway, but on land of appellant, and his Honor, in his charge complained of, invaded the province of the jury when he charged as he did.   Appellant did not dispute that there was a highway, but he did contend that the highway, at present traveled, was not located on the land deeded by him and Seymour, but was on his land.   It is not so much a question of whether there was a highway, but a question of location.   It was prejudicial to the appellant, and discredited his defense.   On this exception there must be a new trial.

Exception 8 complains of the severity of the sentence. This was within the power, authority, and discretion of his

Honor. It is unusual; the sentence in such cases usually is a fine of from $5 to $25, and defendant required to 2, 3 remove the obstruction. It is rare that both fine and imprisonment is imposed. In the case at bar the defendant is required to pay a fine of $300 and be confined at hard labor for 3 months—a man over 50 years of age. This is unusual and exceedingly severe. There is nothing in the record to show that defendant is a bad and vicious man, criminally inclined, that he should be fined $300, serve 3 months in stripes, as a disgraced criminal, over 50 years old, for standing up for what he conceived to be his invaded rights, even though he be mistaken in his ideas. The other exceptions are not considered.

Judgment reversed and new trial granted.